UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
DARLEEN JOBSON-LARKIN,

              Plaintiff,

              -against-                            **REMAND ORDER**
                                                       25-CV-098 (OEM) (PK)

NAZRUL ISLAM, 9567 112 CORP.,

              Defendants.
---------------------------------------------------------------------x
ORELIA E. MERCHANT, United States District Judge:

      Darleen Jobson-Larkin, proceeding *pro se*, removed this state eviction action, case number LT-316845-22/QU and 317299-22, from the Supreme Court of the State of New York on March 28, 2025, ECF 1, seeking to enjoin an eviction enforcement and to stay the state court proceeding, ECF 3. Jobson-Larkin's motion to proceed *in forma pauperis* is granted for the limited purpose of this order. ECF 2. For the following reasons, this action is remanded back to the Supreme Court of the State of New York.

## DISCUSSION

      Jobson-Larkin's notice of removal and motion for temporary restraining order captions herself as the plaintiff/petitioner. However, the state court documents attached to the notice of removal and the state court docket both show that Jobson-Larkin is the defendant/respondent in the state court action.

      In removing this case to federal court, Jobson-Larkin invokes the Court's federal question jurisdiction under 28 U.S.C. § 1331, asserting that 9567 112 Corp. has, in initiating the eviction proceeding, violated various federal laws pertaining to foreign banking organizations and holding companies. *See* ECF 1 at 1.

1

The removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A case may only be removed if it could have been originally filed in federal court. *Id.* A case may not be removed by invoking a federal defense. Under the "well-pleaded complaint rule" a defendant may not remove the case unless *plaintiff* in the initial action—in this case Nazrul Islam and 9567 112 Corp.—raised causes of action under federal law. *McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 145 (2d Cir. 2017). Therefore, this case was improperly removed on the basis of federal question jurisdiction because the state court complaint did not assert a federal claim. The Court lacks subject matter jurisdiction.

Furthermore, in addition to the jurisdictional defects, Jobson-Larkin has not complied with the procedural requirements for removal. The removal statute requires that the Notice of Removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief." 28 U.S.C. § 1446(b)(1). Alternatively, if a later filing raises a newly discovered basis for removal, the defendant then has 30 days to remove. *Id.* § 1446(b)(3). The petitions in the state court action were filed in November 2022, over two years prior to Jobson-Larkin's Notice of Removal, and she points no newly ascertained basis making the case removable within the last thirty-days. Thus, the removal is untimely.

Because this court lacks subject matter jurisdiction, the action is remanded.

## CONCLUSION

This action is hereby remanded to the Supreme Court of New York, Queens County, under case number LT-316845-22/QU and 317299-22. *See Mitskovski v. Buffalo and Fort Erie Public Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006) (a court may *sua sponte* remand a removed case to state court if it finds it lacks subject matter jurisdiction). The Clerk of Court is respectfully directed to send a certified copy of this order to the Supreme Court of the State of New York, Queens County, to send a copy of this order to the parties, and to close the case in this Court.

**SO ORDERED.**

/s/
ORELIA E. MERCHANT
United States District Judge

April 8, 2025
Brooklyn, New York